1 | XAVIER BECERRA
Attorney General of California
2 | KEVIN A. VOTH
Acting Supervising Deputy Attorney General
3 | C. HAY-MIE CHO
Deputy Attorney General
4 | State Bar No. 282259
  455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA  94102-7004
  Telephone: (415) 510-4433
6 | Fax: (415) 703-5843
  E-mail: HayMie.Cho@doj.ca.gov
7 | *Attorneys for Defendant T. Doetsch*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **RUSLEY ROBINSON, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**T. DOETSCH,** | Case No. 5:18-cv-03729-EJD (PR)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:        The Hon. Edward J. Davila<br>Trial Date:   Not Set<br>Action Filed: June 22, 2018 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Robinson moved for summary judgment against Defendant T. Doestch, apparently seeking permanent injunctive relief based on a claim that the procedure for determining eligibility for an advanced parole hearing, in some unexplained manner, violates his right to due process. In its Order of Service this Court found that "[l]iberally construed, Plaintiff states a cognizable claim based on his request for injunctive relief in the form of an 'advance' parole hearing." (ECF No. 10 at 2.) This Court also noted that it would "assume that Plaintiff wishes to pursue this § 1983 claim as a challenge to state procedures rather than as a claim to earlier release." (*Id*. at 3.)

Robinson's motion should be denied because he fails to provide sufficient factual support for summary judgment. Rather than provide evidence in support of undisputed material facts as to every element of his claim, he makes unsupported factual assertions that have no bearing on a due process claim, and has not provided any evidence whatsoever in support of his motion.

## STATEMENT OF THE CASE

Robinson initially filed suit on June 22, 2018 and his Amended Complaint (Complaint), the operative pleading, was filed on October 23, 2018. (ECF Nos. 1, 7.) According to the Court's Order of Service, in his Complaint Robinson appears to claim that he is entitled to injunctive relief because an unspecified state procedure for determining the date for an advanced parole hearing in some manner violates his due process rights. (ECF No. 10.)

## STATEMENT OF ISSUE

Should Robinson's motion for summary judgment be denied because he has failed to provide factual and evidentiary support for the elements of his claim?

## STATEMENT OF FACTS

**I.   PARTIES.**

Robinson is a state prison inmate (T-67625) currently incarcerated at Salinas Valley State Prison. (ECF No. 7 at 1.)

Defendant T. Doetsch is employed by the Correspondence Unit at the Board of Parole Hearings. (*Id*. at 2.)

1

Defs.' Opp'n Pl.'s Mot. Summ. J. (5:18-cv-03729-EJD (PR))

## STANDARD OF REVIEW

Summary judgment is appropriate "where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A plaintiff is only entitled to summary judgment if he produces undisputed material evidence sufficient to support a finding upon every element of his relevant claims for relief. *See Heywood v. Samaritan Health Sys.*, 902 F.Supp. 1076, 1079 (D. Ariz. 1995) (citing *United States v. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970); *accord Century 21 Real Estate LLC v. Ed/Var Inc.*, 2014 WL 3378278, at 4 (N.D. Cal. July 10, 2014) (citations omitted).

## LEGAL ARGUMENT

In his motion, Robinson requests injunctive relief against Defendant, seeking to prevent her from filing any documents establishing any decision or order against him. (ECF No. 21 at 4-5.) But he does not provide any evidentiary and factual basis for any element of his due process claim. Proper support for a motion for summary judgment, which is lacking here, is made by citing to depositions, documents, admissions, electronically stored information, stipulations, admissions, interrogatories, other materials, or affidavits or declarations based on personal knowledge and setting forth such facts as may be admissible in evidence. Fed. R. Civ. P. 56(c).

Robinson appears to request permanent injunctive relief based on a violation of his due-process rights. The Due Process Clause protects persons against deprivations of life, liberty, or property without adequate process. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Those who seek to invoke the procedural protections of the Due Process Clause must establish that their life, liberty, or property is at stake. *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015). Under *Sandin v. Cooper*, a prisoner demonstrates a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S.

2

Defs.' Opp'n Pl.'s Mot. Summ. J. (5:18-cv-03729-EJD (PR))

472, 484 (1995) (citations omitted).  A plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process.  *Id*. at 485.

And a court may grant a permanent injunction when a plaintiff shows that (1) he "suffered an irreparable injury;" (2) "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "that the public interest would not be disserved by a permanent injunction."  *eBay Inc v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, however, Robinson failed to comply with Federal Rule of Civil Procedure 56(c) because he has not stated any material facts, and submitted no evidence whatsoever, in support of his motion.[1]  Robinson did sign his motion for summary judgment under penalty of perjury.  But his motion cannot be considered admissible evidence in support of the elements of his due process claim because it is largely a series of broad and irrelevant statements which lack any factual foundation, have nothing to do with the elements of a due process claim, and do not make any sense.

Robinson claims that he is a third-party intervenor in a "dispute of title," holds the title of a secured party creditor under the Uniform Commercial Code, owns two Yolo County Superior Court cases as "trust res," and is a private citizen under the Fourteenth Amendment. (ECF No. 21 at 2-3.) He further asserts that he did not injure Defendant or damage any of her property. (*Id.* at 4.) Most of his factual assertions appear to vaguely relate to commercial and contractual claims that are not relevant to due process.  Likewise, his statements that he is a private citizen under the Fourteenth Amendment and that he never hurt Defendant or damaged her property are not relevant to his alleged due process claim.  He makes one bare assertion that Defendant filed a decision/order on January 8, 2015 (*id.*), but neglects to provide specific details of such decision/order or a copy of this document.

---

[1] Robinson also failed to provide a separate statement of undisputed material facts in support of summary judgment, as required by this Court.

3

Defs.' Opp'n Pl.'s Mot. Summ. J. (5:18-cv-03729-EJD (PR))

In summary, Robertson has not provided the necessary factual support based on evidence for summary judgment as mandated by Federal Rule of Civil Procedure 56(c).

**CONCLUSION**

Robertson's motion lacks evidentiary support, and does not address the elements of his claim. For the reasons stated above, it must be denied.

Dated: June 28, 2019                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
KEVIN A. VOTH
Acting Supervising Deputy Attorney General

*/s/ C. Hay-Mie Cho*
C. HAY-MIE CHO
Deputy Attorney General
*Attorneys for Defendants*

SF2019200748
13871853.docx

4

Defs.' Opp'n Pl.'s Mot. Summ. J. (5:18-cv-03729-EJD (PR))

# CERTIFICATE OF SERVICE

Case Name:   **R. Robinson, Jr. v. T. Doetsch**      No.   **5:18-cv-03729-EJD (PR)**

I hereby certify that on June 28, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On June 28, 2019, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Rusley Robinson, Jr. (K-12420)
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960-1050**
In Pro Se

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 28, 2019, at San Francisco, California.

|  E. Tornqvist  |  /s/ E. Tornqvist  |
|:---:|:---:|
| Declarant | Signature |

SF2019200748
21516767.docx