XAVIER BECERRA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
ERIC J. CHANG
Deputy Attorney General
State Bar No. 317165
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3567
  Fax:  (415) 703-5843
  E-mail:  Eric.Chang@doj.ca.gov
*Attorneys for Defendant*
*T. Doetsch*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **RUSLEY ROBINSON, JR.,**<br><br>                      Plaintiff,<br><br>v.<br><br>**TARA DOETSCH,**<br><br>                      Defendant. | 5:18-cv-03729-EJD (PR)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    The Honorable Edward J. Davila<br><br>Action Filed:  6/22/2018 |

**TO PLAINTIFF RUSLEY ROBINSON JR., IN PRO SE:**

**PLEASE TAKE NOTICE** that Defendant moves this Court for dismissal and summary judgment under Federal Rules of Civil Procedure 12 and 56. Dismissal should be granted because Plaintiff's claim is not ripe. Plaintiff complains that his Initial Parole Consideration Hearing on June 9, 2020 should be advanced to an earlier date under the recently enacted elderly parole program. But Plaintiff's Initial Parole Consideration Hearing on June 9, 2020 is only a tentative date and Plaintiff is not even eligible for a parole suitability hearing until December 9, 2019. In addition, summary judgment should be granted because the undisputed material facts, even when viewed in the light most favorable to Plaintiff, show that Plaintiff's constitutional rights were not violated. But even if Plaintiff's constitutional rights somehow were violated, the named defendant had no role in causing any of Plaintiff's alleged harms.

Defendant's motion is based on the notice of motion, the memorandum of points and authorities, the *Rand* notice, the declarations and exhibits cited in the memorandum of points and authorities, the pleadings and records on file in this action, and any such other matters that may properly come before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Rusley Robinson Jr. is an inmate who is incarcerated at Salinas Valley State Prison (SVSP). He has filed this action under 42 U.S.C. § 1983, alleging that Defendant T. Doetsch violated his constitutional rights by scheduling a parole hearing date in June 2020. (Dkt. No. 10, p. 2.) Specifically, Plaintiff alleges that he should be given an earlier parole hearing date because he becomes eligible for the elderly parole program beginning in December 2019. (*Id.*) He is only seeking injunctive relief.

This lawsuit should be dismissed because Plaintiff's claim is not yet ripe for review. Although Plaintiff believes that the date of his Initial Parole Consideration Hearing should be advanced, the date of his hearing is only tentatively scheduled for that date. (Doetsch Decl. Exhibit A.) And Plaintiff is not even eligible for consideration in the elderly parole program until December 9, 2019, when Plaintiff turns 60.

1

Defs.' Not. Of Mot. & Mot. For Summ. J. (5:18-cv-03729-EJD (PR))

Defendant is also entitled to summary judgment because the scheduling of Plaintiff's parole hearing date in June 2020 is not a violation of his constitutional rights. Further, even if it was, Defendant had no role in scheduling or determining Plaintiff's parole hearing date. At all relevant times, Defendant was working as a Staff Services Manager I in the Correspondence Unit and her only involvement was approving a letter that relayed the pertinent information to the Plaintiff. Therefore, summary judgment should be granted in its entirety to Defendant.

## ISSUES PRESENTED

1. A claim is not ripe for adjudication if it relies upon contingent future events that may not occur as anticipated or may not occur at all. Is Plaintiff's claim ripe for adjudication if he complains that his parole suitability hearing should be advanced, but the currently scheduled date is only tentative?

2. A claim under 42 U.S.C. § 1983 requires a plaintiff to show that a right secured by the Constitution or laws of the United States was violated. Must this Court grant summary judgment on Plaintiff's claims for injunctive relief because Plaintiff cannot show that a constitutional right was violated?

3. A claim under 42 U.S.C. § 1983 also requires a plaintiff to show that the alleged violation of the plaintiff's constitutional rights was committed by an individual acting under the color of state law. Must this Court grant summary judgment on Plaintiff's claims for injunctive relief because Defendant had played no role whatsoever in the actions that Plaintiff complains of?

## STATEMENT OF FACTS

**I. THE PARTIES.**

Plaintiff is an individual who is presently incarcerated at Salinas Valley State Prison (SVSP).

Defendant T. Doetsch is currently Acting Staff Services Manager II for the Board of Parole Hearings in Sacramento, California. (Doetcsh Decl. ¶ 2.) Defendant has been in her present position since October 9, 2019. (*Id*.) Prior to this, Defendant was a Staff Services Manager I for the Correspondence Unit in the Board of Parole Hearings, a position that she held since July 1, 2014. (*Id*.)

2

Defs.' Not. Of Mot. & Mot. For Summ. J. (5:18-cv-03729-EJD (PR))

## II. PLAINTIFF'S ALLEGATIONS.

Plaintiff contends that he submitted a request to the Board of Parole Hearings on February 2, 2018. (Dkt. No. 7, p. 4.) Plaintiff alleges that Defendant responded on March 2, 2018 in the form of a letter with "negative results" and stating that "[Plaintiff] previously submitted a letter to BPH containing the same or similar issue." (*Id.*) Plaintiff files this claim under § 1983 and seeks to have an earlier parole suitability hearing. (Dkt. No. 10, p. 2.)

## III. PAROLE SUITABILITY HEARINGS.

Under a 2014 court order, the Board of Parole Hearings implemented a parole process whereby inmates who are 60 years of age or older and have served a minimum of twenty-five years of their sentence will be referred to the Board of Parole Hearings to determine suitability for parole. Order Granting in Part and Denying in Part Defendants' Request for Extension of December 31, 2013 Deadline, *Plata v. Brown*, No. C01-1351-TEH (N.D. Cal. Feb. 10, 2014), ECF No. 2766 (*Plata* Order).

After an inmate gains eligibility to participate in the elderly parole program, the Board of Parole Hearings will schedule an Initial Parole Consideration Proceeding. (Doetcsh Decl. ¶ 11.) The Board of Parole Hearings will schedule the Initial Parole Consideration Proceeding within six months of the inmate's eligibility. (*Id.*) Before the Initial Parole Consideration Proceeding, the Board of Parole Hearings will provide the inmate with their rights in accordance with Sections 2245-2256 of Title 15 of the California Code of Regulations. Cal. Code Regs., tit. 15 §§ 2245-56. Among other things, these rights include appointed counsel, opportunity to review the inmate's nonconfidential documents, and an opportunity to present documents and evidence. *Id.*

Determining an inmate's suitability for parole is a process that relies on a number of different factors that are detailed in sections 2280 to 2292 of Title 15 of the California Code of Regulations. For example, aggravating factors affecting parole include the type of crime committed by the inmate, the inmate's role in the crime, the relationship between the inmate and the victim, and whether the inmate was on probation or parole at the time the crime was committed. Cal. Code Regs., tit. 15 § 2283. Similarly, mitigating factors include the type of crime, the role of the inmate, the inmate's prior criminal history, and whether the crime was

3

Defs.' Not. Of Mot. & Mot. For Summ. J. (5:18-cv-03729-EJD (PR))

influenced by unusual circumstances unlikely to occur again.  Cal. Code Regs., tit. 15 § 2284.  In addition, parole consideration hearings take into account postconviction credits that have been earned by the inmate, a "matrix" of suggested base terms that are set forth in state prison regulations, and adjustments for enhancements or other offenses.  Cal. Code Regs., tit. 15 §§ 2403–2411.

On December 9, 2019, Plaintiff will turn 60 years old and become eligible to participate in the elderly parole program.  (Doetsch Decl. Exhibit A, p. 2)  The Board of Parole Hearings will schedule an Initial Parole Consideration Hearing no later than six months after the Plaintiff reaches eligibility.  (Doetcsh Decl. ¶ 11.)  Plaintiff currently has a tentative Initial Parole Consideration Hearing date set for June 9, 2020.  (Doetsch Decl. Exhibit A.)  But Plaintiff's actual Initial Parole Consideration Hearing may occur earlier.  (Doetcsh Decl. ¶ 11.)  The currently scheduled date of June 9, 2020 is based on a "No-Later-Than" date.  (*Id*.)  The Board of Parole Hearings schedules the Initial Parole Consideration Proceeding within six months of an inmate's eligibility for parole consideration, and the "No-Later-Than" date serves as an internal deadline for the Board of Parole Hearings.  (*Id*.)

The Scheduling Unit within the Board of Parole Hearings is responsible for scheduling the parole hearing dates.  (Doetsch Decl. ¶ 4.)  At all relevant times, Defendant was not a member of the Scheduling Unit, nor did she supervise anybody in the Scheduling Unit.  (Doetsch Decl. ¶¶ 5, 14.)

**IV.   DEFENDANT'S ROLE IN SCHEDULING PLAINTIFF'S HEARING.**

At all relevant times to this litigation, Defendant has been employed as a Staff Services Manager I in the Correspondence Unit, a position that she has held from July 1, 2014 until October 9, 2019.  (Doetsch Decl. ¶ 2.)  As a Staff Services Manager I, Defendant managed a team of four analysts.  (*Id*. ¶ 3.)  The Correspondence Unit is a subdivision of the Program Operations division.  (*Id*.)  The Correspondence Unit responds to the majority of letters, inquiries, and requests that are sent to the Board of Parole Hearings.  (*Id*.)  These letters, inquiries, and requests are sent from inmates, family members, and members of the public.  (*Id*. ¶¶ 3, 7.)

4

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

1    An analyst in the Correspondence Unit will review the incoming request and determine the
2    appropriate action and response type.  (*Id.* ¶ 7.)  The analyst will then draft the response and send
3    the response to the Staff Services Manager I for review.  (*Id.*)  After the Staff Services Manager I
4    reviews and approves the response, it is mailed out.  (*Id.*)

5    In order to draft the response, analysts use a program called the Board Information
6    Technology System (BITS).  (*Id.* ¶ 8.)  BITS will use information from the California Department
7    of Corrections and Rehabilitation computer system to determine inmate information and relevant
8    dates, including the date that an inmate may be eligible for parole.  (*Id.*)

9    In the event that a letter, inquiry, or request relates to a parole hearing, the analyst uses a
10   form template.  (*Id.* ¶ 9.)  The pertinent dates, including when an inmate is eligible for parole or
11   when the inmate's parole hearing is currently scheduled, are pre-determined by BITS.  (*Id.*)
12   Nobody in the Correspondence Unit has any role in determining the inmate's eligibility for parole
13   or for scheduling the inmate's parole hearing.  (*Id.*)  The Correspondence Unit's only task is to
14   relay information to the inmate or person that sent the request or inquiry.  (*Id.*)

15   On February 5, 2018, the Board of Parole Hearings received a request from Plaintiff Rusley
16   Robinson, Jr.  (Doetsch Decl. ¶ 10.)  Under the Correspondence Unit's policy, this request was
17   assigned to an analyst.  (*Id.*)  On February 6, 2018, the analyst drafted a response and provided it
18   to Defendant for review.   (*Id.*)  On February 7, 2018, Defendant approved the response and it
19   was mailed to Plaintiff.   (*Id.*; Doetsch Decl. Exhibit A.)  This response informed Plaintiff that he
20   was *tentatively* scheduled for an Initial Parole Consideration Hearing on June 9, 2019.  (Doetsch
21   Decl. Exhibit A.)

22   On February 28, 2018, the Board of Parole Hearings received another request from Plaintiff
23   that was substantially similar to the request on February 5, 2018.  (Doetsch Decl. Exhibit B.)
24   Under the Correspondence Unit's policy, this request was also assigned to an analyst.  (Doetsch
25   Decl. ¶ 12.)  After the analyst drafted a response and provided it to Defendant for review, she
26   approved the response.  (*Id.*)  On March 2, 2018, the response was mailed to Plaintiff.  (*Id.*)  This
27   response informed Plaintiff that the information provided on February 7, 2018 was still current
28   and had not changed.  (Doetsch Decl. Exhibit B.)

5

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

Within the Program Operations division, the other subdivisions are the Scheduling Unit and the Specialty Desk Unit. (Doetsch Decl. ¶ 4.) The Scheduling Unit is responsible for, among other things, scheduling parole hearings. (*Id.*)

During her time as a Staff Services Manager I, Defendant had no role in the Scheduling Unit. (Doetsch Decl. ¶ 5.)

## LEGAL STANDARD

### I. MOTION TO DISMISS.

A Rule 12(b)(1) motion to dismiss challenges the Court's subject matter jurisdiction over the claims asserted. FRCP Rule 12(b)(1). A Rule 12(b)(1) motion can be either "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When, as here, the motion is based upon the premise that the claim is unripe, the Court can consider the underlying evidence. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (holding that a district court does not abuse its discretion by looking to "extra-pleading material" in deciding ripeness); *Kolstad v. County of Amador*, Civ. No. 2:13-01279 WBS EFB, 2013 WL 6065315, at *3 (E.D. Cal. Nov. 14, 2013) ("A court may consider evidence outside the Complaint to evaluate a challenge for lack of ripeness.").

### II. SUMMARY JUDGMENT.

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (*quoting* Fed. R. Civ. P. 56(a)). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the

6

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

1  moving party must either produce evidence negating an essential element of the nonmoving
2  party's claim or defense or show that the nonmoving party does not have enough evidence of an
3  essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
4  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

5      If the moving party meets its initial burden, the burden shifts to the nonmoving party to
6  produce evidence supporting its claims or defenses. *Id*. at 1103. If the nonmoving party does not
7  produce evidence to show a genuine issue of material fact, the moving party is entitled to
8  summary judgment. *Celotex*, 477 U.S. at 323. It is not the task of the Court to search the record
9  for a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

10 **ARGUMENT**

11 **I.   PLAINTIFF'S CLAIM IS NOT RIPE AND SHOULD BE DISMISSED.**

12     This Court has no jurisdiction to review claims unless they are ripe. *United States v.*
13 *Streich*, 560 F.3d 926, 931 (9th Cir. 2009). The Supreme Court has explained, "it is fair to say
14 that the basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of
15 premature adjudication, from entangling themselves in abstract disagreements over administrative
16 policies, and also to protect the agencies from judicial interference until an administrative
17 decision has been formalized and its effects felt in a concrete way by the challenging parties."
18 *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967). A claim is not ripe "if it involves
19 contingent future events that may not occur as anticipated, or indeed may not occur at all."
20 *Streich*, 560 F.3d at 931 (*quoting Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-
21 81 (1985)). The ripeness doctrine is related to the standing doctrine, which is part of the case-or-
22 controversy requirement of Article III of the Constitution. *Thomas v. Anchorage Equal Rights*
23 *Commission*, 220 F.3d 1134, 1138 (9th Cir. 2000).

24     The Supreme Court has adopted a two-pronged test for ripeness: (1) the fitness of the issues
25 for judicial decision, and (2) the hardship to the parties of withholding court consideration.
26 *Abbott Laboratories*, 387 U.S. at 149. Here, Plaintiff challenges the date of his parole suitability
27 hearing, but he is not yet eligible for a hearing and will not be until December 2019. (Doetsch
28 Decl. Exhibit A.) Plaintiff has been given a tentatively scheduled date, but that date is subject to

7

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

1  change.  (*Id.*; ¶ 11.)  Further, the tentatively scheduled date is based on a "No-Later-Than" date,

2  which means that the tentatively scheduled date is last possible date for the hearing and the actual

3  date may be earlier.  (Doetsch Decl. ¶ 11.)

4      Plaintiff also fails to demonstrate that he will suffer any hardship if his case is dismissed.

5  He is presently not eligible for parole.  (Dkt. No. 7, p. 2-3).  He does not argue that he is barred

6  from re-filing his challenged parole suitability hearing date in the future.  Moreover, his ultimate

7  release date would not be fixed by reference to the hearing date, but rather would be a product of

8  the Board of Parole Hearings 's discretion, taking into account a "matrix" of suggested base terms

9  set forth in state prison regulations, circumstances in aggravation and mitigation, and adjustments

10  for enhancements or other offenses, and reduced by any postconviction credit awarded by the

11  Board of Parole Hearings.  *See* Cal.Code Regs., tit. 15, §§ 2403–2411.  Accordingly, Plaintiff's

12  claims are not ripe for adjudication, and they must be dismissed.

13  **II.  EVEN IF PLAINTIFF'S CLAIM IS RIPE, PLAINTIFF'S 1983 CLAIM FAILS BECAUSE NO CONSTITUTIONAL RIGHT HAS BEEN VIOLATED AND DEFENDANT HAD NO ROLE IN**

14  **ANY OF THE SUBSTANTIVE ACTIONS THAT PLAINTIFF COMPLAINS OF.**

15      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

16  right secured by the Constitution or laws of the United States was violated, and (2) that the

17  violation was committed by a defendant acting under the color of state law.  *See West v. Atkins*,

18  487 U.S. 42, 48 (1988).  Here, Plaintiff's claim fails both prongs as no right was violated and

19  even if such a right was somehow violated, Defendant did not commit the violation.

20      **A.  No Violation of the Plaintiff's Constitutional Rights Occurred.**

21      Plaintiff alleges that his Constitutional rights were violated when he was tentatively

22  scheduled for an Initial Parole Consideration Proceeding to take place on June 9, 2020.  (Dkt. No.

23  10, p. 2-3; T. Doetsch Decl. Exhibit A, p. 2.)  But Plaintiff's liberty interests have not been

24  violated by his tentatively scheduled parole hearing date and thus, no constitutional violation

25  occurred.

26      While a delayed parole consideration hearing can form the basis of a § 1983 claim, the

27  Ninth Circuit has held that a delayed parole hearing is not a due-process violation unless the

28  inmate establishes that the delay was both unreasonable and prejudicial.  *Camacho v. White*, 918

8

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

8

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

1  F.2d 74, 78–80 (9th Cir.1990).  Here, there was no delay in the parole hearing, and even if there
2  was, it is non-prejudicial.
3      First, an inmate who is eligible to take part in the elderly parole program does not gain
4  eligibility until he has reached 60 years of age.  *See Plata* Order.  After an inmate reaches
5  eligibility, the Board of Parole Hearings schedules the Initial Parole Consideration Hearing within
6  six months of eligibility.  (Doetcsh Decl.  ¶ 11.)  Here, Plaintiff has an Initial Parole
7  Consideration Hearing tentatively scheduled for June 9, 2020, which is within six months of his
8  eligibility.  (Doetsch Decl. Exhibit A.)
9      Second, even assuming that the Board of Parole Hearings unreasonably "delayed" the
10 scheduling the date of Plaintiff's Initial Parole Consideration Proceeding, Plaintiff has failed to
11 demonstrate that he suffered any prejudice as a result of these delays.  Plaintiff has not
12 demonstrated that he would have been released sooner from prison.  Plaintiff has also pled no
13 facts suggesting that the "delay" affected any decision or factors considered by the Board of
14 Parole Hearings finding plaintiff unsuitable or suitable for parole.  Moreover, even if, at some
15 future hearing, the Board of Parole Hearings were to find Plaintiff suitable for parole, Plaintiff's
16 ultimate release date would not be fixed by reference to the hearing date, but rather would be a
17 product of the Board of Parole Hearings' discretion.  As discussed above, this discretion would
18 take into account a "matrix" of suggested base terms set forth in state prison regulations,
19 circumstances in aggravation and mitigation, and adjustments for enhancements or other offenses,
20 and reductions for postconviction credit awarded by the Board of Parole Hearings.  *See* Cal.Code
21 Regs., tit. 15, §§ 2403–2411.
22     Based on these circumstances, Plaintiff has not demonstrated that he was prejudiced by the
23 "delay" in his receipt of his first subsequent parole suitability hearing. Accordingly, summary
24 judgment should be granted for Defendant.
25     **B.    Defendant Played No Role In Scheduling the Parole Hearing Actions.**
26     To proceed on a § 1983 claim against Defendant, Plaintiff also must show how the
27 Defendant, acting under color of state law, violated a specific federal constitutional or statutory
28 right of Plaintiff's resulting in more than *di minimis* injury.  *See West v. Atkins*, 487 U.S. 42, 48

9

Defs.' Not. Of Mot. & Mot. For Summ. J.  (5:18-cv-03729-EJD (PR))

1  (1988); *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir.1981)
2  (causation and injury).  Here, Plaintiff's only allegation against Defendant is that he received
3  "negative results" from her in the form of a letter dated March 2, 2018.  (Dkt. No. 7, p. 4.)  This
4  letter stated that Plaintiff previously submitted a letter to the Board of Parole Hearings containing
5  the same or similar issues.  (*Id.*)

6  However, Defendant submitted these "negative results" through her role as a Staff Services
7  Manager I in the Correspondence Unit.  (Doetsch Decl. ¶¶ 2, 14, Exhibit B.)  As a Staff Services
8  Manager I in the Correspondence Unit, Defendant's only role was approving the letter that
9  contained these "negative results."  (Doetsch Decl. ¶¶ 3, 11, 14; Exhibit B.)  Defendant had no
10 role in the underlying facts that Plaintiff complains of – namely that his Initial Parole
11 Consideration Proceeding should be advanced to an earlier date.  (Doetsch Decl. ¶ 14; Dkt. No. 7,
12 p. 4-5.)  Defendant had no role in scheduling Plaintiff's Initial Parole Consideration Hearing.
13 (*Id.*)  Defendant's sole role in the matter was approving a letter that relayed these facts to
14 Plaintiff.  (Doetsch Decl. ¶¶ 11, 14; Exhibit B.)

15 Accordingly, summary judgment should be granted for Defendant.

## CONCLUSION

Plaintiff's claims are not ripe for review.  But even if they were, Plaintiff has not shown that a constitutional right was violated.  Furthermore, Defendant had no role in any of the harms or actions that Plaintiff complains of.  Defendant is therefore entitled to summary judgment.

Dated:  October 25, 2019                              Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General

*/s/ Eric J. Chang*
ERIC J. CHANG
Deputy Attorney General
*Attorneys for Defendant*

SF2019200748
21684077.docx

10

# CERTIFICATE OF SERVICE

Case Name:   **Robinson, Jr. v. Doetsch**          No.   **5:18-cv-03729-EJD (PR)**

I hereby certify that on October 25, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**
2. **T. DOETSCH DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
3. **DEFENDANT'S RAND WARNING TO PLAINTIFF REGARDING OPPOSING SUMMARY JUDGMENT**
4. **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On October 25, 2019, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Rusley Robinson, Jr.**
**(K-12420)**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA  93960-1050**
*Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 25, 2019, at San Francisco, California.

|  L. Santos  |  /s/ L. Santos  |
|:---:|:---:|
| Declarant | Signature |