(Name and Address of Plaintiff's Attorney)
Rusley Robinson Jr. #K-12420
P.O. Box 409020
Ione, CA 95640

FILED
NOV 21 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

In The United States District Court
For The Northern District Of California
San Jose Division

| | |
|---|---|
| RUSLEY ROBINSON JR.©, Plaintiff, vs. TARA DOETSCH, Defendant. | Case No. C 18-03729 EJD (PR) Plaintiff's Affidavit and Motion In Opposition To Defendant's Summary Judgment. Action Filed: 06-22-18 Trial Date: No Set |

AFFIDAVIT

I Rusley Robinson Jr., attorney-in-fact for inmate/plaintiff, RUSLEY ROBINSON JR.©, by restricted appearance and special

visitation in this matter. I have the Superior title and claim, UCC-1 #09-7203573076, Secured Party Creditor ID, as an attachment to the amended complaint. I had requested that evidence of the plaintiff's claim be entered as evidence. The Court must grant inpersonam Jurisdiction to get too the bottom of the issue. I own the Court cases, #95-6265 and #95-3594 of the California Superior Court, County Of Yolo, I losted on because equity is the only Jurisdiction cognizable of my rights, and my rights were trampled in said lower Court cases, and I'm making a prima facie claim, I own it as "trust res", UCC-1 #09-7216892362.

Under penalty of perjury, I Certify that the foregoing is true and correct.

SIGNED, SEALED and date this 14th day of November 2019 at Ione, CA 95640.

RUSLEY ROBINSON JR© TRUST

"By": _Rusley Robinson Jr._

### ISSUE PRESENTED

I am a Private American Citizen under section 1 of the 14th amendment of the U.S. constitution. (See, Asseveration and

Declaration Of Status and Notice and Affidavit Of Default). To state a claim under 42 USC 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States and violation was committed by a defendant acting under color of state law. (See, West v. Atkins, 487 U.S. 42, 48 (1988). All I really need to be a plaintiff in federal Court is standing. Standing requires that I have (1) an actual or threated injury (2) that is "fairly traceable" to the conduct of the defendant that I'm suing and (3) that can be remedyed by the Court.

A lawsuit against a person in his official capacity is, in effect, a lawsuit against the government for whom the person works. Nevertheless, federal Courts have the power to force States and States agencies to comply with the U.S. constitution. Under what is called "the Ex Parte Young fiction", I can sue a state official in his official capacity for injunctive relief to force the State or state agency for whom the official works to obey the Constitution. (See, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-05, 98 S.Ct. 441 (1984); Ex Parte Young, 209 U.S. 133, 160, 28 S.Ct. 441 (1908).

I. Injunctive Relief.

Plaintiff had initiately seeked a preliminary/permanent injunction enjoining defendant, the entities, TARA DOETSCH, governmental entity, BOARD OF PAROLE HEARINGS and governmental entity, CALIFORNIA DEPARTMENT OF CORRECTIONS

a subsidiary of STATE OF CALIFORNIA, from filing any document which purports to create a decision/order against the plaintiff, an entity, RUSLEY ROBINSON JR.© A plaintiff seeking a preliminary/permanent injunction must satify a four-factor test: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; (4) the public interest would not be disserved by a permanent injunction.

 Under the first factor, plaintiff has established irreparable harm by defendant filing a decision/order on 01-08-15 and 03-02-18. The plaintiff deserve protection from defendant fiting which plaintiff is not in agreement/contract performance in the future.

 Second, the remedies available at law, such as damages are inadequate to compensate for injury suffered. Absent an preliminary/permanent injunction, plaintiff has no recourse to stop defendant, the entities, TARA DOETSCH, governmental entity, BOARD OF PAROLE HEARINGS and governmental entity, CALIFORNIA DEPARTMENT OF CORRECTIONS, a subsidiary of STATE OF CALIFORNIA from filing a decision/order against the plaintiff. Thus, the second prong is satisfied.

 Third, because defendant filing a decision/order against the plaintiff which he is not in agreement with,

defendant will not be injured by an preliminary/permanent injunction preventing him or others acting on their behalf, from filing similar documents presently and in the future. In light of the irreparable injury resulting from defendant filing a decision/order against plaintiff, the balance of hardships weights in favor of plaintiff.

Finally, the public's interest in safeguarding the administration of a self governed individual and the prevention of abuse and harassment of a Private Citizen, supports imposition of a permanent injunction. Therefore, the public interest would not be disserved by the issuance of a permanent injunction against defendant.

II. Exhausted Administrative Remedy:

Pursuant To Title 15 Section 3084.6, Rejection and Cancellation and a appeal may be cancelled (9), if the appeal is presented on behalf of a Private Citizen. (See, Asservation and Declaration Of Status). The plaintiff had exhausted his available administrative remedies per said title 15 Section, thereby preventing him from filing a grievance or appeal, See, CDCR 22 informal appeal, submitted on 02-12-18).

Under penalty of perjury, I Certify that the foregoing is true and correct.

> "Indeed, no more than (Affidavit) is necessary to make the prima facie case." (United States v. Kis, 658, F2nd 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S.L.W. 2169; S. Ct. March 22 1982.