UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSLEY ROBINSON, JR.,<br>　　　　Plaintiff,<br>　　v.<br>TARA DOETWCH,<br>　　　　Defendant. | Case No. 18-03729 EJD (PR)<br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 21) |

　　　　Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Tara Doetwch of the Board of Paroles. The Court ordered the matter served on Defendant after finding the amended complaint, (Docket No. 7), liberally construed, stated a cognizable claim for injunctive relief in the form of an "advance" parole hearing under Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). (Docket No. 10.)  Defendant's summary judgment is currently due no later than October 25, 2019.  (Docket No. 47.)

　　　　Plaintiff filed a motion for summary judgment.  (Docket No. 21.)  Defendant filed opposition, (Docket No. 39), and Plaintiff filed a reply, (Docket No. 41.)  For the reasons discussed below, Plaintiff's motion is **DENIED**.

**DISCUSSION**

I. **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Cattret*t*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A. Analysis

Plaintiff asserts that on January 9, 2015, he met for a "consultation" with Commissioner Michele Minor who informed him "to enter into a contract/perform a vocational training, work assignment, rehabilitation program, education institutional behavior and a parole plan." (Am. Compl., Attach. at 1.) Plaintiff informed Ms. Minor that he would "not be subjected to any performances or contracts to these proceedings." (Id.) She informed Plaintiff to send the documents he showed her to the Board of Parole Hearings in Sacramento, and he did so on February 12, 2018. (Id.) On March 2, 2018, he received "negative results" from Tara Doetwch, of the Board of Parole Hearings. (Id.) Plaintiff seeks the following relief: "immediately advance the Board of Parole Hearing and transfer/release" to a third party, and an injunction against Tara Doetwch. (Id. at 2.) The Court found that, liberally construed, Plaintiff stated a cognizable claim for injunctive relief in the form of an earlier parole suitability hearing under Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).

In his motion for summary judgment, Plaintiff sets forth no evidence demonstrating

3

1   the absence of a genuine issue of material fact.  See Celotex Corp., 477 U.S. at 323.
2   Rather, he asserts that he satisfies the requirements for a permanent injunction against
3   Defendant to prevent her from filing any documents "which purports to create a
4   decision/order against the Plaintiff."  (Docket No. 21 at 5-6.)  Alternatively, Plaintiff seeks
5   a scheduling order for the court to set dates for pretrial conference and trial.  (Id. at 6.)  As
6   Defendants assert in opposition, Plaintiff has failed to comply with Rule 56(c) because he
7   has stated no material facts or submitted any evidence whatsoever.  (Docket No. 39 at 3.)
8   Furthermore, Plaintiff's assertions that he is a third-party intervenor in a "dispute of tile,"
9   holds the title of a secured party creditor, and owns two Yolo County Superior Court cases
10  as "trust res," and is a private citizen under the Fourteenth Amendment are not relevant to
11  the due process claim raised in this action.  (Id.)  In reply, Plaintiff asserts that he has
12  "requested that evidence of the plaintiff's claim be entered as evidence."  (Reply at 1.)
13  However, he has failed to produce any evidence other than the allegations made in the
14  amended complaint.  (Docket No. 7.)  Proper evidence in support of a Rule 56(c) motion
15  includes depositions, documents, admissions, electronically stored information, affidavits
16  or declarations, stipulations, interrogatories, or other materials, as well as affidavits or
17  declarations based on personal knowledge and setting forth such facts as may be
18  admissible in evidence.  Fed. R. Civ. P. 56(c).  However, Plaintiff has failed to provide any
19  such evidence with his summary judgment motion nor made any reference to other
20  documents he may have filed in this Court.

21      Based in the foregoing, the Court finds Plaintiff has failed to meet his initial burden
22  of identifying those portions of the record that demonstrate the absence of a genuine
23  dispute of material fact such that no reasonable trier of fact could find other than for
24  Plaintiff.  See Celotex Corp., 477 U.S. at 323.  Accordingly, Plaintiff is not entitled to
25  judgment as a matter of law.  Fed. R. Civ. P. 56(a).

26  ///
27  ///

4

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for summary judgment, (Docket No. 21), is **DENIED**. Defendant's motion for summary judgment, (Docket No. 51), will be decided in a separate order once it is fully briefed.

This order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated: 11/25/2019

EDWARD J. DAVILA
United States District Judge

Order Denying Pl.'s MSJ
PRO-SE\EJD\CR.18\03729Robinson_deny.msj(P)

5